UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JEANINE L. BECK,

                                    Plaintiff,                    **COMPLAINT**

          -against-
                                                                  **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
POLICE OFFICER STEPHEN COLLIER,
POLICE OFFICER CHRISTOPHER DIAZ
(SHIELD NO. 15248), LIEUTENANT JEFFREY
TUECHLER and UNIDENTIFIED POLICE
OFFICERS, sued herein in their capacities as
individuals,

                                    Defendants.

-------------------------------------------------------------X

          Plaintiff, by her attorneys, The Law Office of FRED LICHTMACHER P.C. and

the law firm of HALPERIN & HALPERIN, P.C., complaining of the defendants herein,

respectfully alleges as follows:

## JURISDICTION

          1.      Jurisdiction is founded upon the existence of a Federal Question.

          2.      This is an action to redress the deprivation under color of statute,

ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to

plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States

pursuant to and state  as well as pursuant to the laws of the State of New York.

          3.      Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

          4.      Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

          5.      This Court has jurisdiction to hear plaintiffs' state claims pursuant to 28

U.S.C. Section 1367.

## PARTIES

          6.      The plaintiff JEANINE L. BECK was and still is a resident of the State

of New York.

-1-

7.      Upon information and belief, at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK (hereinafter "NYC") was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants POLICE OFFICER STEPHEN COLLIER (hereinafter "COLLIER"), POLICE OFFICER CHRISTOPHER DIAZ (SHIELD NO. 15248) (hereinafter "DIAZ"), LIEUTENANT JEFFREY TUECHLER (hereinafter "TUECHLER") and UNIDENTIFIED POLICE OFFICERS sued herein in their capacities as individuals, were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

8.      Upon information and belief, at all times hereinafter mentioned, defendants COLLIER, DIAZ, TUECHLER and UNIDENTIFIED POLICE OFFICERS, were employed by the defendant, NYC, as members of its police department.

9.      Upon information and belief, at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), including all the police officers thereof.

10.     The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the Commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11.     This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the common law of the State of New York.

12.     Each and all of the acts of the defendants alleged herein were done by the

defendants, acting as state actors acting under color of law.

13.     A Notice of Claim was served on the Comptroller of the City of New York, on or about May 31, 2012.

14.     A 50-H hearing was conducted on September 14, 2012; and as of this date, plaintiff's demand for payment has not yet been addressed by the defendants.

15.     More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

16.     The state claims in this cause of action are commenced within one year and ninety days of when these causes of action arose; and the federal claims are brought in a timely manner within three years of the date they accrued.

### AS AND FOR A FIRST, SEPARATE & DISTINCT
### CAUSE OF ACTION
### COMMON LAW NEGLIGENCE/VIOLATION OF
### NEW YORK STATE VEHICLE AND TRAFFIC LAW

17.     At all times hereinafter mentioned, plaintiff operated, managed and controlled a certain motor vehicle, to wit, a 2000 Mazda motor vehicle bearing registration number DTH9613 of the State of New York.

18.     Upon information and belief, at all times hereinafter mentioned, defendant NYC was and still is the titled owner of a certain motor vehicle, to wit, a 2009 Nissan motor vehicle bearing license plate and/or registration number 5011 of the NYPD.

19.     Upon information and belief, at all times hereinafter mentioned, defendant NYC was and still is the registered owner of a certain motor vehicle consisting of a 2009 Nissan motor vehicle bearing license plate and/or registration number 5011 of the NYPD.

20.     Upon information and belief, at all times hereinafter mentioned, defendant COLLIER operated the aforesaid motor vehicle bearing license plate and/or registration number 5011 of the NYPD.

21.     Upon information and belief, at all times hereinafter mentioned, defendant COLLIER operated the aforesaid motor vehicle bearing license plate and/or registration number 5011 of the NYPD, with the permission and consent, express or implied, of the owner of said vehicle.

22.     Upon information and belief, at all times hereinafter mentioned, defendant NYC managed the aforesaid motor vehicle bearing license plate and/or registration number 5011 of the NYPD.

23.     Upon information and belief, at all times hereinafter mentioned, defendant COLLIER managed the aforesaid motor vehicle bearing license plate and/or registration number 5011 of the NYPD.

24.     Upon information and belief, at all times hereinafter mentioned, defendant NYC maintained the aforesaid motor vehicle bearing license plate and/or registration number 5011 of the NYPD.

25.     Upon information and belief, at all times hereinafter mentioned, defendant COLLIER maintained the aforesaid motor vehicle bearing license plate and/or registration number 5011 of the NYPD.

26.     Upon information and belief, at all times hereinafter mentioned, defendant NYC controlled the aforesaid motor vehicle bearing license plate and/or registration number 5011 of the NYPD.

27.     Upon information and belief, at all times hereinafter mentioned, defendant COLLIER controlled the aforesaid motor vehicle bearing license plate and/or registration number 5011 of the NYPD.

28.     At all times hereinafter mentioned, Amsterdam Avenue was and still is in the vicinity of West 94th Street in the City, County and State of New York, and was and still is a public highway over which the public has the right to travel.

29.     At the time of the occurrence herein on March 31, 2012 at approximately

– 4 –

10:15 p.m., plaintiff was operating the aforesaid motor vehicle bearing registration number DTH9613 of the State of New York on Amsterdam Avenue in a northerly direction in the vicinity of West 94th Street in the City, County and State of New York.

30.     Upon information and belief, at the time of the occurrence herein and on or about  March 31, 2012 at approximately 10:15 p.m., the aforementioned motor vehicle bearing license plate and/or registration number 5011 of the NYPD owned by defendant NYC and operated by defendant COLLIER was being operated on West 94th Street in an easterly direction in the vicinity of Amsterdam Avenue in the City, County and State of New York.

31.     Although the motor vehicle bearing license plate and/or registration number 5011 of the NYPD owned by defendant NYC and operated by defendant COLLIER was a marked police car, the lights and sirens of said motor vehicle were not in operation on or about  March 31, 2012 at approximately 10:15 p.m.

32.     Upon information and belief, on  March 31, 2012 at approximately 10:15 p.m., the aforementioned motor vehicle bearing license plate and/or registration number 5011 of the NYPD owned by defendant NYC and operated by defendant COLLIER came into violent contact and collision with the aforementioned motor  vehicle bearing registration number DTH9613 of the State of New York operated, managed and controlled by the plaintiff.

33.      The aforesaid occurrence and the resultant injuries sustained by the plaintiff were caused solely by and through the negligence, carelessness, recklessness and wanton disregard on the part of defendants, NYC and COLLIER, as follows:

(a)     In the ownership, management, operation, maintenance and control of the aforesaid  2009 Nissan motor vehicle bearing Plate and/or Registration No. 5011 of the NYPD;

(b)     In operating the aforesaid  2009 Nissan motor vehicle bearing Plate and/or Registration No. 5011 of the NYPD in a careless and imprudent manner under the conditions then and there existing;

(c)      In operating the aforesaid  2009 Nissan motor vehicle bearing Plate and/or Registration No. 5011 of NYPD at an excessive and dangerous rate of speed or at such rate of speed that care and caution would permit under the circumstances then and there existing;

(d)       In failing to equip the aforesaid  2009 Nissan motor vehicle bearing Plate and/or Registration No. 5011 of NYPD with appropriate safety and emergency equipment in compliance with law;

(e)      In failing to equip the aforesaid  2009 Nissan motor vehicle bearing Plate and/or Registration No. 5011 of NYPD with proper brakes; in failing to make proper application of the brakes; in failing to apply the brakes in time;

(f)      In failing to look;

(g)      In failing to see;

(h)      In failing to stop;

(i)      In failing to yield;

(j)      In failing to observe the roadway;

(k)      In failing to maintain the aforesaid  2009 Nissan motor vehicle bearing Plate and/or Registration No. 5011 of NYPD under due and proper control;

(l)      In failing to sound horn or give any signal, notice or warning;

(m)      In failing to avoid a collision although defendant had a full opportunity to avoid same;

(n)      In failing to obey the traffic signals provided in the vicinity of the aforementioned roadway;

(o)       In failing to obey the signs provided in the vicinity of the aforementioned roadway;

(q)      In failing to comply with the statutes, laws and ordinances made and provided for vehicular traffic on the highways of the State of New York;

(r)     In failing to comply with the statutes, laws and ordinances made and provided for vehicular traffic on the highways of the City of New York;

(s)     In failing to comply with the rules and regulations applicable to police or emergency vehicles promulgated by the City of New York, the State of New York and/or NYPD;

(t)     In failing to avoid a collision although defendant NYC and the NYPD by and through its officers, agents, employees and/or subcontractors had a full opportunity to avoid same; and

(u)     In otherwise being careless, negligent and reckless in the happening of the aforesaid occurrence.

34.     Plaintiff was in no way negligent in the happening of the aforesaid occurrence.

35.     By reason of the negligence of the defendants NYC and COLLIER as aforesaid, plaintiff was caused to sustain serious and severe personal injuries which are permanent in nature; has been and will be, caused great pain and suffering; has been and will be, caused to be rendered sick, sore, lame and disabled; has been and will be, caused to be incapacitated from her usual duties, activities and employment and may in the future continue to be so incapacitated; has been and will be caused to expend large sums of money in an effort to cure herself of said injuries; was caused to be incapacitated from her usual duties and activities and may in the future continue to be so incapacitated.

36.     By reason of the foregoing, plaintiff has sustained a serious personal injury greater than that as defined in Subdivision (d) of Section 5102 of The Insurance Law of The State of New York and has sustained a serious economic loss greater than that as defined in Subdivision (a) of Section 5102 of The Insurance Law of  The State of New York.

37.     By reason of the foregoing, plaintiff is entitled to recover for non-economic loss and for all economic losses sustained.

38.     The defendant NYC is vicariously liable to plaintiff for the individual defendants' common law torts via the principle of respondeat superior.

39.     New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

40.     By reason of the foregoing, plaintiff has been damaged in a sum not less than ONE MILLION ($1,000,000.00) DOLLARS.

## AS AND FOR A SECOND, SEPARATE & DISTINCT
## CAUSE OF ACTION
## VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 and THE FOURTH AMENDMENT
## FALSE ARREST

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

42.     Hours after the aforementioned motor vehicle accident, either late in the night on March 31, 2012 or early in the morning on April 1, 2012, plaintiff was issued summons number AAS4432724 alleging that plaintiff's vehicle was unregistered for a period over sixty (60) days, and summons number AAS4432735 alleging that plaintiff failed to yield to an emergency vehicle.

43.     Upon information and belief, the aforementioned summonses were drafted by defendant DIAZ pursuant to the orders of defendant TUECHLER.

44.     Upon information and belief, defendants DIAZ and TUECHLER did not witness the aforementioned motor vehicle accident.

45.     Upon information and belief, defendant DIAZ was not at the scene of the aforementioned motor vehicle accident during the entire time plaintiff was present at the scene.

46.     Pursuant to the summonses, plaintiff was required to appear for hearing on June 11, 2012 at 2:30 p.m.

47.     Both summons number AAS4432724 and summons number AAS4432735 were dismissed after trial.

48.     Plaintiff's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, by reason of the fact that plaintiff was falsely arrested by the defendants.

49.     Plaintiff was confined by defendants; defendants intended to confine plaintiff; plaintiff was conscious of her confinement; and plaintiff did not consent to the confinement which was not otherwise privileged.

50.     As a direct consequence of defendants' actions, plaintiff was deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, her right to be free from arrest without probable cause.

51.     The false arrest was caused by the defendants without any legal justification, without authority of the law and without any reasonable cause or belief that plaintiff was in fact guilty of crimes.

52.     Defendants who knew of the false arrest and permitted the illegal detention of plaintiff to commence and/or continue, are liable to plaintiff, by virtue of their failure to act pursuant to their affirmative duty to intervene.

53.     By reason of the foregoing, plaintiff sustained conscious pain and suffering; was subjected to pecuniary harms; was subjected to great indignities, humiliation and anxiety; was prevented from conducting her normal affairs of business; was defamed in her community; and that she was otherwise harmed.

54.     By reason of the aforesaid, plaintiff has been damaged in a sum less than TWO HUNDRED THOUSAND DOLLARS ($200,000.00); plaintiff is entitled to an award of punitive damages and plaintiff is entitled to an award of attorneys' pursuant to 42

U.S.C. § 1988.

**AS AND FOR A THIRD, SEPARATE & DISTINCT**
**CAUSE OF ACTION**
**VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO**
**42 U.S.C. § 1983 and THE FOURTH AMENDMENT**
**MALICIOUS ABUSE OF PROCESS**

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

56.     Defendants committed a malicious abuse of process by abusing regularly issued process, without any legal justification and without probable cause in that the defendants caused regularly issued process to be generated and used against the plaintiff for the collateral purpose of distracting attention from the automobile accident caused by COLLIER.

57.     By reason of the foregoing, plaintiff has been damaged in a sum not less than TWO HUNDRED THOUSAND DOLLARS ($200,000.00); plaintiff is entitled to an award of punitive damages and plaintiff is entitled to an award of attorneys' pursuant to 42 U.S.C. § 1988.

**AS AND FOR A FOURTH SEPARATE & DISTINCT**
**CAUSE OF ACTION**
**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO**
**THE COMMON LAW OF THE STATE OF NEW YORK VIA**
**FALSE ARREST**

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

59     Plaintiff's rights have been violated pursuant to the common law of the State of New York via False Arrest, in that the plaintiff was falsely arrested by the defendants.

60.     Plaintiff was confined by defendants; defendants intended to confine plaintiff; plaintiff was conscious of her confinement; and plaintiff did not consent to the confinement which was not otherwise privileged.

61.     By reason of the foregoing, plaintiff sustained conscious pain and suffering; was subjected to pecuniary harms; was subjected to great indignities, humiliation and anxiety; was prevented from conducting her normal affairs of business; was defamed in her community; and that she was otherwise harmed.

62.     By reason of the aforesaid, plaintiff has been damaged in a sum less than TWO HUNDRED THOUSAND DOLLARS ($200,000.00); plaintiff is entitled to an award of punitive damages

### AS AND FOR A FIFTH SEPARATE & DISTINCT CAUSE OF ACTION VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE COMMON LAW VIA MALICIOUS ABUSE OF PROCESS

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

64.     Defendants committed a malicious abuse of process by abusing regularly issued process, without any legal justification and without probable cause in that the defendants caused regularly issued process to be generated and used against the plaintiff for the collateral purpose of distracting attention from the automobile accident caused by COLLIER.

65.     By reason of the foregoing, plaintiff has been damaged in a sum not less than TWO HUNDRED THOUSAND DOLLARS ($200,000.00); plaintiff is entitled to an award of punitive damages.

**WHEREFORE**, plaintiff demands judgment against the defendants, as follows:

1.     As to the First Cause of Action, an indeterminate sum of not less than ONE MILLION ($1,000,000.00) DOLLARS;

2.     As to the Second Cause of Action, an indeterminate sum of not less than TWO HUNDRED THOUSAND DOLLARS ($200,000.00); and an award of punitive damages

and attorneys' fees pursuant to 42 U.S.C. § 1988;

       3.     As to the Third Cause of Action, an indeterminate sum of not less than TWO HUNDRED THOUSAND DOLLARS ($200,000.00); and an award of punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1988;

       4.     As to the Fourth Cause of Action, an indeterminate sum of not less than TWO HUNDRED THOUSAND DOLLARS ($200,000.00); and an award of punitive damages;

       5.     As to the Fifth Cause of Action, an indeterminate sum of not less than TWO HUNDRED THOUSAND DOLLARS ($200,000.00); and an award of punitive damages; and

       6.     As to all causes of action, the costs and disbursements of this action; a trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
       December 12, 2012

                                   \S\
                        FRED B. LICHTMACHER FL-5341
                        The Law Office of Fred Lichtmacher P.C.
                        Co-Counsel for Plaintiff
                        JEANINE L. BECK
                        Office & P.O. Address
                        The Empire State Building
                        350 5th Avenue Suite 7116
                        New York, New York 10118
                        (212) 922-9066

                                     \S\
                        Steven T. Halperin, Esq.
                        HALPERIN & HALPERIN, P.C.
                        Co-Counsel for Plaintiff
                        JEANINE L. BECK
                        Office & P.O. Address
                        18 East 48th Street
                        New York, New York  10017
                        (212) 935-2600

To:    MICHAEL CARDOZO
        Corporation Counsel City of New York
        100 Church Street
        New York, New York 10007