```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JEANINE L. BECK,                                            :
                                                            :
                            Plaintiff,                      :
                                                            :         No. 12 Civ. 9231 (RA)
            -v-                                             :
                                                            :         OPINION AND ORDER
THE CITY OF NEW YORK; POLICE                                :
OFFICER STEPHEN COLLIER; POLICE                             :
OFFICER CHRISTOPER DIAZ (SHIELD NO.                         :
15248); LIEUTENANT JEFFREY                                  :
TUECHLER; and UNIDENTIFIED POLICE                           :
OFFICERS, sued herein in their capacities as                :
individuals,                                                :
                                                            :
                            Defendants.                     :
                                                            :
------------------------------------------------------------X
```

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/3/14

RONNIE ABRAMS, United States District Judge:

Jeanine Beck asserts claims of false arrest, malicious abuse of process, and negligence against the City of New York, Police Officer Stephen Collier, Police Officer Christopher Diaz, Lieutenant Jeffrey Tuechler and unidentified police officers (collectively, "Defendants"). Before the Court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendants' motion is granted.

I.   Background[1]

On March 31, 2012, Beck was driving north on Amsterdam Avenue in the vicinity of 94th Street in Manhattan. (Compl. ¶ 29.) At approximately 10:15 p.m., she was involved in an automobile collision with a police vehicle driven by an individual she identifies in the complaint

---

[1] The Court draws the following facts from the allegations of the complaint, accepting all non-conclusory allegations as true for purposes of this motion. See, e.g., Fahs Constr. Grp., Inc. v. Gray, 725 F.3d 289, 290 (2d Cir. 2013).

as Police Officer Stephen Collier.[2]  (Id. ¶ 32.)  According to Beck, although the vehicle was a marked police car, "the lights and sirens of said motor vehicle were not in operation" at the time of the accident.  (Id. ¶ 31.)

"Hours after the aforementioned motor vehicle accident," Beck was issued two traffic summonses for violations of N.Y. Veh. & Traf. Law. §§ 401 and 1144(a).  (Id. ¶ 42; Defs.' Ex. B.[3])  Beck alleges that the summonses were "drafted by defendant Diaz pursuant to the orders of defendant Tuechler," although neither officer had witnessed the accident.  (Compl. ¶¶ 43-44.)  The summonses required Beck to appear for a hearing on June 11, 2012 at 2:30 p.m.  (Id. ¶ 46.)  Both summonses were dismissed after trial.  (Id. ¶ 47.)

Beck served a notice of claim on the Comptroller of the City of New York on May 31, 2012, (id. ¶ 13) and commenced the instant action on December 19, 2012.

## II.  Discussion

When adjudicating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "accept as true all statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party."  Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

---

[2]  The docket indicates that Defendant Stephen Collier has not yet been served with a summons and complaint, and he has therefore not moved to dismiss the complaint.  Defendants' memorandum of law in support of their motion to dismiss asserts that the proper party is Police Officer Stephen Collich.  (Defs.' Mem. of Law at 1.)  Because the Court's rulings in this Order would apply equally to the Defendant identified as Collier in the complaint, the Court dismisses the claims against him *sua sponte*.  See Whitfield v. O'Connell, No. 09 Civ. 1925 (WHP), 2010 WL 1010060, at *7 n.4 (S.D.N.Y. Mar. 18, 2010) ("A district court has the power to *sua sponte* dismiss claims against nonmoving defendants for failure to state a claim, as long as the plaintiff has been given an opportunity to be heard.").

[3]  Defendants submitted copies of the summonses in connection with their motion to dismiss.  The Court may consider these documents on a Rule 12(b)(6) motion because the complaint relies on them and they are integral to its allegations of false arrest and malicious abuse of process.  See New York Life Ins. Co. v. United States, 724 F.3d 256, 258 n.1 (2d Cir. 2013).

Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### A. False Arrest

A "§ 1983 claim for false arrest derives from [a plaintiff's] Fourth Amendment right to remain free from unreasonable seizures." Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006). To determine the elements of a false arrest claim, the Circuit has looked to the tort law of the state in which the false arrest allegedly occurred. See Davis v. Rodriguez, 364 F.3d 424, 433 (2d Cir. 2004). "Under New York law, a plaintiff claiming false arrest must show, *inter alia,* that the defendant intentionally confined him without his consent and without justification." Amore v. Navarro, 624 F.3d 522, 532 n. 13 (2d Cir. 2010).

Defendants assert that Plaintiff's claim for false arrest must be dismissed because she has not plausibly alleged that she was confined. The Court agrees.

The complaint does not allege where Plaintiff was confined, the manner in which she was confined, or for how long. Instead, it makes the following allegations with respect to the false arrest claim. After describing the collision between Plaintiff's car and the NYPD vehicle, the complaint states that "[h]ours after the aforementioned motor vehicle accident, either late in the night on March 31, 2012 or early in the morning on April 1, 2012, plaintiff was issued" the two summonses described above (Compl. ¶ 42); that the officers who drafted the summonses did not observe the accident (id. ¶¶ 43-45); that the summonses required Plaintiff to appear for a hearing (id. ¶ 46); and that the summonses were dismissed after trial (id. ¶ 47). The complaint then alleges that "Plaintiff's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, by reason of the fact that plaintiff was falsely arrested by the

3

defendants" and that "Plaintiff was confined by defendants; defendants intended to confine plaintiff; plaintiff was conscious of her confinement; and plaintiff did not consent to the confinement which was not otherwise privileged." (Id. ¶¶ 48-49.) The complaint does not allege any other facts bearing on Plaintiff's confinement.

It may be that the complaint is attempting to allege that the summonses requiring Plaintiff to appear for a later court hearing constitute "confinement." The Second Circuit, however, has concluded that such an allegation cannot form the basis for a false arrest claim, holding that a "pre-arraignment, non-felony summons requiring no more than a later court appearance does not constitute a Fourth Amendment seizure." Burg v. Gosselin, 591 F.3d 95, 101 (2d Cir. 2010). The Circuit has since reaffirmed Burg, and concluded that a summons requiring even multiple court appearances did not rise to the level of a seizure. See Faruki v. City of N.Y., 517 Fed. App'x 1, 1 (2d Cir. 2013); see also Dellutri v. Village of Elmsford, 895 F. Supp. 2d 555, 571 (S.D.N.Y. 2012) (concluding, on a motion to dismiss, that "the weight of district court authority in circumstances similar to those here—involving a plaintiff charged with non-felony offenses who was neither arraigned nor physically detained but who might have made a number of court appearances—counsels against finding a constitutional injury").

Plaintiff attempts to evade the rule set forth in Burg by asserting that "she was detained and not free to leave the scene of the collision until after the false summonses were issued." (Pl.'s Mem. of Law in Opposition at 4.) In other words, Plaintiff argues that the seizure occurred when she was allegedly detained at the scene of the accident, not when she was required to make a later court appearance.

If Plaintiff was in fact detained at the scene of the accident while officers wrote out the summonses, she may have a plausible claim that she was seized under the Fourth Amendment.

See Amore, 624 F.3d at 532 n. 13 ("[A] plaintiff pleads a seizure when he alleges that a police officer held on to his identification and ordered him to stay put while the police officer wrote out a summons."). This argument fails, however, because it is inconsistent with the complaint. Nowhere does the complaint allege that Plaintiff was detained at the scene of the accident while officers wrote out the summons. To the contrary, the complaint alleges that the summonses were issued "[h]ours after" the collision, and that the summonses were drafted by a Defendant (Officer Diaz) who "was not at the scene of the aforementioned motor vehicle accident during the entire time plaintiff was present at the scene."[4] (Compl. ¶¶ 42-45.) "Parties cannot amend their pleadings through issues raised solely in their briefs," Fadem v. Ford Motor Co., 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005), and Plaintiff's allegation that she "was confined by Defendants" (Compl. ¶ 49), without more, is simply a legal conclusion. The Court declines to accept as true this "[t]hreadbare recital[ ]" of one of the elements of a false arrest claim. See Iqbal, 556 U.S. at 678.

Although Plaintiff has not sought leave to file an amended complaint, the Court may *sua sponte* grant leave. See Foundation Ventures, LLC v. F2G, Ltd., No. 08 Civ. 10066(PKL), 2010 WL 3187294, at *11 (S.D.N.Y. Aug. 11, 2010); S. Ill. Laborers' & Emp'rs. Health & Welfare Fund v. Pfizer Inc., No. 08 Civ. 5175(KMW), 2009 WL 3151807, at *1 & n.3 (S.D.N.Y. Sept. 30, 2009). At this stage, the Court cannot say that amendment would be futile or would cause Defendants undue prejudice. Accordingly, although the Court dismisses Plaintiff's § 1983 false arrest claim, Plaintiff shall have thirty days to file an amended complaint, if she has a proper

---

[4] In further support of their argument, Defendants ask the Court to consider a transcript of Beck's testimony given at a hearing held pursuant to New York General Municipal Law § 50-h. (See Defs.' Reply at 3-4.) This testimony provides further details about the manner in which Beck received the summonses. (See Defs.' Ex. C at 4.) Although Beck referred to the 50-h hearing in her complaint (Compl. ¶ 14), she did not annex any portion of the testimony to her complaint. Accordingly, the Court declines to consider the 50-h hearing testimony in deciding this motion. See, e.g., Fontanez v. Skepple, No. 12 Civ. 1582 (ER), 2013 WL 842600, at *3 (S.D.N.Y. Mar. 6, 2013) (declining to consider 50-h testimony on a motion to dismiss).

basis for doing so.

### B. Malicious Abuse of Process

Under New York law, a malicious abuse-of-process claim "lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse o[r] justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." Savino v. City of N.Y., 331 F.3d 63, 76 (2d Cir. 2003). These elements of the common law tort also give rise to § 1983 liability for malicious abuse of process, with one key difference: "section 1983 liability may not be predicated on a claim of malicious abuse of *civil* process." Green v. Mattingly, 585 F.3d 97, 104 (2d Cir. 2009) (alterations omitted and emphasis in original); see also Savino, 331 F.3d at 76-77; Spear v. Town of W. Hartford, 954 F.2d 63, 68 (2d Cir. 1992).

Defendants contend that traffic infractions in New York are civil offenses; therefore, they argue, the summonses issued to Beck constitute civil process. (Defs.' Mem. of Law at 9-11.) The Court agrees.

New York Vehicle and Traffic Law makes clear that traffic infractions are civil violations.[5] The statute explicitly provides that a "traffic infraction is not a crime and the punishment imposed therefor shall not be deemed for any purpose a penal or criminal punishment and shall not affect or impair the credibility as a witness or otherwise of any person convicted thereof." N.Y. Veh. & Traf. Law § 155.

To be sure, the legislature has authorized both fines and imprisonment as potential penalties for driving an unregistered vehicle under N.Y. Veh. & Traf. Law § 401, which is one of

---

[5] New York defines "traffic infraction" as the "violation of any provision of [New York Vehicle and Traffic Law] or of any law, ordinance, order, rule or regulation regulating traffic which is not declared by this chapter or other law of this state to be a misdemeanor or a felony." N.Y. Veh. & Traf. Law § 155. Plaintiff was cited for violating sections 401(4) (failure to produce registration card) and 1144(a) (failure to yield to emergency vehicle). (See Defs.' Ex. B.) Neither of these violations is a misdemeanor or felony.

the provisions the summonses cite. See id. § 401(18). Nonetheless, this Court held in Standt v. City of New York, 153 F. Supp. 2d 417, 434 (S.D.N.Y. 2001), that driving without a license was not a criminal offense for purposes of a § 1983 malicious prosecution claim. "Despite the availability of imprisonment as a punishment for violation of the law against driving without a license," the Court explained, "the traffic court proceeding is civil in nature," and was thus "a regulatory rather than a 'criminal proceeding.'" Id. Other opinions have similarly recognized that traffic infractions are civil violations. See Rackley v. City of N.Y., 186 F. Supp. 2d 466, 480 n.26 (S.D.N.Y. 2002) ("It is undisputed, and of some constitutional significance, that the commission of a parking regulations infraction constitutes a civil violation . . . ."); Yu Juan Sheng v. City of N.Y., No. CV-05-1118, 2009 WL 6871132, at *6 (E.D.N.Y. June 26, 2009) (noting that under New York Law, "[t]raffic infractions and parking violations are not crimes by definition, because they are neither misdemeanors nor felonies"), report and recommendation adopted in full, 2010 WL 3744428, at *1 (E.D.N.Y. Sept. 20, 2010).

In view of this authority and the plain text of New York's statute, the Court concludes that the motor vehicle violations with which Plaintiff was charged constitute civil offenses, and the summonses directing Plaintiff to appear for a hearing on those offenses constitute civil process. Because the Second Circuit has repeatedly held that § 1983 does not provide a cause of action for malicious abuse of civil process, see, e.g., Green, 585 F.3d at 104, the Court dismisses Plaintiff's malicious abuse of process claim. It thus need not address Defendants' additional arguments urging dismissal.

### C. State Law Claims

Because the Court has dismissed the two federal claims, it declines to exercise

supplemental jurisdiction over Plaintiff's remaining state law claims.[6] See, e.g., Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) (noting that "in the usual case in which all federal-law claims are eliminated before trial," the factors to be considered in exercising supplemental jurisdiction "will point toward declining to exercise jurisdiction over the remaining state-law claims"). Dismissal of these claims is without prejudice: should Plaintiff file an amended complaint, the Court will reassess whether supplemental jurisdiction is appropriate.

### III. Conclusion

Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is GRANTED, and Beck's complaint is dismissed. Beck is granted leave to file an amended complaint within thirty days.

The Clerk of Court is directed to close the case, subject to reopening if Plaintiff files an amended complaint within thirty days. The Clerk of Court is also requested to terminate the motion pending at docket number 8.

SO ORDERED.

Dated:   January 3, 2014
         New York, New York

_____
Ronnie Abrams
United States District Judge

---

[6] Indeed, in her brief Plaintiff "agree[s] that pendent jurisdiction should be declined if the Court dismisses the federal claims." (Pls.' Mem. of Law in Opposition at 2 n.1.)